# FILED

MAR 31 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT DAVENPORT, | No. 07-55803 |
| Plaintiff - Appellant, | D.C. No. CV-06-02669-H-CAB |
| v. | |
| JOHN McHUGH,* Secretary of the Army; et al., | MEMORANDUM ** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted March 16, 2010***

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

---

\*    John McHugh is substituted for his predecessor, Francis J. Harvey, as Secretary of the Army, pursuant to Fed. R.App. P. 43(c)(2).

\*\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. Accordingly Davenport's request for oral argument is denied.

IL/Research

07-55803

Robert Davenport, an attorney, appeals pro se from the district court's judgment dismissing his action seeking relief under the Privacy Act, 5 U.S.C. § 552a, in connection with the Department of Defense's refusal to change certain factual findings set forth in a decision to revoke Davenport's security clearance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Dorfmont v. Brown*, 913 F.2d 1399, 1400-01 (9th Cir. 1990), and we affirm in part, vacate in part and remand.

The district court properly dismissed Davenport's action because it lacked subject matter jurisdiction to review the factual findings underlying a decision to revoke a security clearance. *See id.* at 1401-02.

Because the district court lacked subject matter jurisdiction, Davenport's action should have been dismissed without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). Accordingly we vacate the judgment and remand for the limited purpose of entry of judgment dismissing the action without prejudice.

We grant defendants' requests to strike set forth in their answering brief.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part and REMANDED with instructions.**

IL/Research

2                                                                                              07-55803